# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JAMIE LUEVANO,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  Case No.: 2:13-cv-02023-RDP-JEO |
| | ) |
| **B. H. OBAMA, et al.,** | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

This case is before the court on Jamie Luevano's "Emergency Writ of Habeas Corpus for New Pardon Etc...." (Doc. 1). In his petition, Petitioner appears to challenge a pardon decision pursuant to 28 U.S.C. § 2241.[1] (Docs. 1, 5). On November 4, 2013, the Magistrate Judge entered an Order requiring Petitioner to show cause why this case should not be dismissed for lack of jurisdiction. While Petitioner did respond, he did not address the jurisdictional concerns raised by the Magistrate Judge. (Doc. 5). For the reasons explained below, this court does not have jurisdiction over Petitioner's § 2241 petition.

The general habeas statute authorizes "district courts ... within their respective jurisdictions" to grant writs of habeas corpus to prisoners who are "in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2241. Jurisdiction to hear such habeas actions challenging present physical confinement is generally limited to the federal district court in the district in which the petitioner is confined. *Rumsfeld v. Padilla*, 542 U.S. 426, 443-44 (2004). Here, Petitioner is confined in Kennedy, Texas (Doc. 1), which is outside of the Northern District of

---

[1] The court makes no finding about whether 28 U.S.C. § 2241 is an appropriate vehicle to challenge a pardon decision.

Alabama.  As Petitioner is not confined in this district, this court does not have jurisdiction over his petition.  Accordingly, the instant petition is due to be dismissed without prejudice.

A separate Order will be entered.

**DONE** and **ORDERED** this \_\_\_\_10th\_\_\_\_ day of December, 2013.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE